*RANDY BENSON v. HARBOR FREIGHT TOOLS USA, INC., et al.*

Case No.   21-1091

NOTICE OF REMOVAL

# EXHIBIT A

*Complaint - Randy Benson's complaint in the Eighth Judicial District Court, Clark County, Nevada, naming HFT, Doe Employees I-X, Doe Designers I-X, Doe Manufacturers I-X, Doe Distributors I-X, Doe Sellers I-X, Does I-X, and Roe Legal Entities I-X as defendants Case No. A-21-833948-C*

*RANDY BENSON v. HARBOR FREIGHT TOOLS USA, INC., et al.*

Case No.     21-1091

Electronically Filed
5/3/2021 4:59 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Jared R. Richards, Esq.
Nevada Bar No. 11254
Dustin E. Birch, Esq.
Nevada Bar No. 10517
CLEAR COUNSEL LAW GROUP
1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89128
(702) 476-5900, Telephone
(702)508-9242, Facsimile
jared@clearcounsel.com
dustin@clearcounsel.com
*Attorneys for Plaintiff*
*Randy Benson*

CASE NO: A-21-833948-C
Department 23

DISTRICT COURT

CLARK COUNTY, NEVADA

RANDY BENSON, an individual,

　　　　　Plaintiff,

vs.

HARBOR FREIGHT TOOLS USA, INC., a Foreign Corporation; DOE EMPLOYEEES I through X; DOE DESIGNERS I through X, inclusive; DOE MANUFACTURERS I through X, inclusive; DOE DISTRIBUTORS I through X, inclusive; DOE SELLERS I through X, inclusive; DOES I through X, inclusive; and ROE LEGAL ENTITIES I through X, inclusive,

　　　　　Defendants.

Case No.:
Dept. No.:

**COMPLAINT**

　　　　Plaintiff Randy Benson, through his attorney of record Clear Counsel Law Group, alleges:

**PARTIES**

　　1.　　Randy Benson ("Benson") is a resident of the County of Clark, State of Nevada.

　　2.　　Upon information and belief, Harbor Freight Tool USA, Inc. ("Harbor Freight") is a Florida corporation.

　　3.　　Upon information and belief, Harbor Freight's principal place of business is in Calabasas, California.

　　4.　　Harbor Freight does business in the County of Clark, State of Nevada.

5. DOE EMPLOYEEES I through X; DOE DESIGNERS I through X, inclusive; DOE MANUFACTURERS I through X, inclusive; DOE DISTRIBUTORS I through X, inclusive; DOE SELLERS I through X, inclusive; DOES I through X, inclusive; and ROE LEGAL ENTITIES I through X, inclusive, are sued herein by their fictitious names because their respective true names are unknown to Plaintiff. When their true names are ascertained, Plaintiff will ask leave of this court to insert their true names herein in the place and stead of their fictitious names. Each of the DOE EMPLOYEEES I through X was the agent, employee, servant or corporate employer of the other Defendants and acting within the scope and purpose of the agency, employment, service or corporate activity of the other Defendants. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as DOE EMPLOYEEES I through X; DOE DESIGNERS I through X, inclusive; DOE MANUFACTURERS I through X, inclusive; DOE DISTRIBUTORS I through X, inclusive; DOE SELLERS I through X, inclusive; DOES I through X, inclusive; and ROE LEGAL ENTITIES I through X, inclusive, is negligently, vicariously, strictly, contractually and/or statutorily responsible or otherwise responsible for the acts, events, circumstances, and happenings complained of herein, and actually and proximately caused Plaintiff to suffer the expenses and damages herein below alleged. Further, Plaintiff alleges, upon information and belief, that each of the Defendants was an owner, operator, lessor, lessee, supplier, seller, distributor, designer, co-conspirator, or employee interested in the operation and conduct of Harbor Freight and the sale of the subject product on or about the timeframe of May 3, 2019.

## JURISDICTION AND VENUE

6. The Eighth Judicial District Court possesses subject matter jurisdiction over this matter under Article 6, Section 6 of the Constitution of the State of Nevada, and NRS 4.370.

///

7. The Eighth Judicial District Court has personal jurisdiction over the Defendants under NRS 14.065.

8. Venue is proper in the Eighth Judicial District Court under NRS 13.040.

9. The damages in this matter exceed $15,000.00.

**GENERAL ALLEGATIONS**

10. Harbor Freight is the owner of the trademark "Warrior", registered with the United States Patent and Trademark Office under Registration Numbers 4556275, 5924021, and 5865807.

11. Harbor Freight controls the brand name "Warrior" in relation to power tool accessories.

12. Harbor Freight sells power tool accessories under the brand name "Warrior".

13. Harbor Freight sells and at all relevant times sold a Warrior product labeled as "Wood Carving Disc", listed on its packaging as "Item 61638".

14. The Wood Carving Disc was manufactured at the instruction of Harbor Freight.

15. The Wood Carving Disc was imported from China to the United States by Harbor Freight or at the instruction of Harbor Freight.

16. The Wood Carving Disc's packaging and instructions were designed by or approved of by Harbor Freight.

17. The Wood Carving Disc was distributed by Harbor Freight.

18. Harbor Freight maintains retail locations in Clark County, Nevada.

19. Harbor Freight sold Wood Carving Discs in Clark County, Nevada.

20. Harbor Freight understood that its Wood Carving Disc may be used in Clark County, Nevada.

21. The Wood Carving Disc is a disc used with angle grinders.

22. The Wood Carving Disc has a chain-saw type chain.

23. Harbor Freight describes the Wood Carving Disc as a "22 tooth carving disc".

24. Harbor Freight advertises that the disc "quickly cuts, sculpts and shapes wood".

25. Harbor Freight advertises that the Wood Carving Disc "Cuts everything from hardwood, plastics and other soft materials".

26. Harbor Freight advertises that the Wood Carving Disc is "Ideal for…small stump removal".

27. Harbor Freight advertises that the user can use the Wood Carving Disc "in any direction".

28. Harbor Freight advertises that the Wood Carving Disc has "Anti-kickback action".

29. Harbor Freight advertises that the Wood Carving Disc's "Safety Features stop blade rotation if a nail or other obstruction is hit".

30. Harbor Freight at all relevant times knew that the Wood Carving Disc is a dangerous product.

31. Harbor Freight at all relevant times knew that putting a chain-saw type chain on a hand grinder disc would increase the likelihood of kickback.

32. In or around 2019, Plaintiff purchased a Wood Carving Disc from Harbor Freight.

33. On May 3, 2021, Plaintiff was using the Wood Carving Disc to remove a small tree with a trunk approximately six inches in diameter.

34. While gripping the grinder firmly in both hands, Plaintiff began cutting the small tree.

35. While Plaintiff was cutting the small tree, the Wood Carving Disc suddenly, unexpectedly, and powerfully kicked back, resulting in the grinder cutting across Plaintiff's face, from cheek to cheek.

36. Plaintiff was transported to the hospital where he was treated for his injuries.

37. Plaintiff sustained major lacerations to his face, resulting in midface degloving with laceration from left malar prominence to right malar prominence; involving the bilateral alar bases/nasal sills/columellar base; exposed muscle; exposed left anterior maxillary sinus wall with small fracture and exposed maxillary crest; arterial bleeding from several facial artery branches.

38. The injury has resulted in permanent facial scarring and other injuries.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**(Product Defect)**

39. Plaintiff repeats and realleges every allegation in the preceding paragraphs as though the same were set forth herein.

40. The subject Wood Carving Disc was manufactured at the instruction of Defendant(s).

41. Defendant(s) had a say in the design of the product.

42. Defendant(s) designed the product.

43. Defendant(s) had the product shipped to the United States.

44. Defendant(s) sold the product in the United States.

45. Defendant(s) designed the product packaging.

46. Defendant(s) had control over the product packaging.

47. Defendant(s) marketed the product.

48. The product was defendant in its manufacturing, packaging, advertising and design.

49. The Wood Carving Disc was defective in its packaging and marketing, including, but not limited to, the lack of appropriate warnings which would have prevented the subject incident.

///

- 5 –

50. The Wood Carving Disc's packaging describes the Wood Carving Disc being safe because it has anti-kickback action.

51. The Wood Carving Disc's packaging describes the Wood Carving Disc as being ideal for small stumps.

52. The Wood Carving Disc's packing describes the Wood Carving Disc as being able to cut everything from hardwood to soft materials.

53. The Wood Carving Disc's advertises that the blade will stop if it encounters an obstruction and will not kick back.

54. The packaging and advertising fail to appropriately warn against the risk of kickback when using the product to cut a small tree.

55. The product was defective in its design and manufacture.

56. The product's anti-kickback safety features failed.

57. The product failed to include effective and reasonable safety features to prevent this type of injury.

58. Defendant(s) failed to use alternative designs that would not kick back.

59. Defendant(s) failed to properly warn Plaintiff of the actual dangers of the product kicking back.

60. The product was unreasonably dangerous.

61. The defects in the product existed when the product left Defendant's control.

62. The product failed to perform as a reasonable person would expect.

63. As a result of the defect, Plaintiff was injured in an amount exceeding $15,000.00.

64. As a result of the defect, Plaintiff was required to retain the services of counsel and is entitled to an award of fees and costs.

///

**SECOND CAUSE OF ACTION**

**(Negligence)**

65. Plaintiff repeats and realleges every allegation in the preceding paragraphs as though the same were set forth herein.

66. Defendant(s) had a duty to sell safe and appropriate products.

67. Defendant(s) had a duty to only sell products with appropriate packaging that accurately described the danger of the product.

68. Defendant(s) knew or should have known that attaching chainsaw blades to grinders was unreasonably dangerous.

69. Defendant(s) knew or should have known that marketing the alleged safety of the Wood Carving Disc without equally marketing its danger would result in customers, including Plaintiff, misapprehending the risk of the product.

70. As a result of Defendants' negligence, Plaintiff was injured in an amount exceeding $15,000.00.

71. As a result of Defendants' negligence, Plaintiff was required to retain the services of counsel and is entitled to an award of fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserving the right to amend this Complaint at the time of trial of the action to include all items of damage not yet ascertained and for any causes of action which discovery may so provide, demands judgment against Defendants, jointly and severally:

1. In an amount in excess of $15,000.00 for past and future medical expenses and wage loss;

2. In an amount in excess of $15,000.00 for past and future general damages for pain, suffering, mental distress, anguish, and fear;

3. In an amount in excess of $15,000 for punitive damages;

4. For reasonable attorneys' fees;

5. For costs;

6. For interest at the statutory or contractual rate; and

7. For such other and further relief as the court may deem just and proper in the premises.

DATED this 3rd day of May 2021.

CLEAR COUNSEL LAW GROUP

/s/ Jared R. Richards
_____
Jared R. Richards, Esq.
Nevada Bar No. 11254
Dustin E. Birch, Esq.
Nevada Bar No. 10517
1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89128
*Attorneys for Plaintiff*
*Randy Benson*